COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge Elder and Senior Judge Willis
Argued at Chesapeake, Virginia


NATHANIEL MITCHELL, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2657-10-1                      JUDGE JERE M.H. WILLIS, JR.
                                                          SEPTEMBER 27, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Karen J. Burrell, Judge

            Stephen J. Burgess (Stephen J. Burgess, P.C., on brief), for
            appellant.

            Erin M. Kulpa, Assistant Attorney General (Kenneth T. Cuccinelli,
            II, Attorney General; Leah A. Darron, Senior Assistant Attorney
            General, on brief), for appellee.


        Nathaniel Mitchell, Jr. was convicted of possession of heroin with the intent to distribute.

On appeal, he contends the trial court erred in denying his motion to suppress.  Finding no error,

we affirm the judgment of the trial court.

                                        Background

        We consider the evidence in the light most favorable to the Commonwealth, the party

prevailing below, granting all reasonable inferences fairly deducible therefrom.  Commonwealth

v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

        On January 17, 2010, Officer Michael Delp conducted narcotics surveillance at a

convenience store parking lot reported to be the site of several illicit drug transactions.[1]

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] During the week of January 17th, the parking lot was the site of seven drug-related
arrests, some of which preceded Delp's surveillance.

Watching from an unmarked car across the street, Delp observed circumstances that led him to believe Mitchell had engaged in an illegal drug transaction. As Mitchell left the parking lot, Delp fell in behind him and pulled him over. After advising Mitchell of his suspicions,[2] Delp collected his driver's license and registration and asked him if he would agree to a search of his person and his vehicle. Mitchell declined. From the outside, Delp saw nothing inside the vehicle indicating the presence of drugs.

Delp walked back to his car to check Mitchell's license and registration. As he waited for the results of Mitchell's license and registration check, he summoned a nearby canine unit.

After confirming Mitchell's license and registration were valid, Delp informed Mitchell that a drug dog was *en route*. Delp explained that he would have the right to search the vehicle if the drug dog alerted, but if it did not, Mitchell would be free to go. Delp asked Mitchell if he was "okay with that." Mitchell responded, "I am fine with that."

The drug dog arrived approximately ten minutes later and alerted on Mitchell's car. Delp then recovered heroin from the car. From the time of the initial stop to the dog's arrival, Mitchell was detained less than fifteen minutes.

Mitchell moved to suppress the evidence of the drugs recovered from his car. He did not contest the validity of his stop, but argued that the length of his detention violated his rights under the Fourth Amendment. The trial court denied the motion.

<u>Analysis</u>

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" <u>McGee v. Commonwealth</u>, 25 Va. App. 193,

---

[2] Delp testified the sole basis for the stop was his belief he had witnessed a "hand-to-hand transaction," and acknowledged Mitchell had committed no traffic infractions.

197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting <u>Fore v. Commonwealth</u>, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)).  While we review *de novo* questions of law and the "trial court's application of defined legal standards to the particular facts of a case[,]" <u>Watts v. Commonwealth</u>, 38 Va. App. 206, 213, 562 S.E.2d 699, 701 (2002), "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or 'without evidence to support them,'" <u>McGee</u>, 25 Va. App. at 198, 487 S.E.2d at 261 (citation omitted).

"A police officer may conduct a brief investigatory stop when the officer, in light of his training and experience, has reasonable, articulable suspicion that criminal activity is afoot." <u>Jones v. Commonwealth</u>, 279 Va. 665, 673, 691 S.E.2d 801, 805 (2010).  "'If there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, that person may be stopped in order to identify him, to question him briefly, or to detain him briefly while attempting to obtain additional information.'" <u>Parker v. Commonwealth</u>, 255 Va. 96, 104, 496 S.E.2d 47, 52 (1998) (quoting <u>Hayes v. Florida</u>, 470 U.S. 811, 816 (1985)).

Mitchell does not dispute that his initial stop was lawful.  He conceded at the suppression hearing that it was supported by a reasonable suspicion he had engaged in a drug transaction. Citing <u>Illinois v. Caballes</u>, 543 U.S. 405 (2005), and <u>United States v. Branch</u>, 537 F.3d 328 (4th Cir. 2008), however, he contends the duration of the stop violated the Fourth Amendment.  He argues that upon confirming the validity of his license and registration and observing nothing further which supported his original suspicion of a drug transaction, Delp had no lawful basis for detaining him further.

Because no "hard-and-fast time limit [exists] for a permissible <u>Terry</u> stop," <u>United States v. Sharpe</u>, 470 U.S. 675, 686 (1985), we must rely on "common sense and ordinary human experience" in assessing whether the duration of a <u>Terry</u> stop violates the Fourth Amendment.

Id. at 685.  The detention must be no longer than that which allows police to "diligently pursue[]

a means of investigation that [i]s likely to confirm or dispel their suspicions quickly."  Id. at 686.

Thus, the question before us is whether, by detaining Mitchell fifteen minutes to

investigate a properly suspected drug transaction, including a ten-minute interval awaiting the

arrival of a drug dog, Delp diligently pursued a means of investigation that was likely to confirm

or dispel his suspicions quickly.  As we have previously recognized,

> there will be inevitable delay in obtaining a dog to sniff luggage or
> packages transported on interstate highways.  If . . . the officers
> make a diligent effort to obtain a dog, continued detention during
> the delay does not violate the constitution.

Limonja v. Commonwealth, 8 Va. App. 532, 543, 383 S.E.2d 476, 483 (1989).  In cases where

the officer has been diligent in procuring a drug dog, a delay in excess of twenty minutes is

constitutionally permissible.  See id. (twenty-two-minute delay); Lawson v. Commonwealth, 55

Va. App. 549, 559, 687 S.E.2d 94, 98 (2010) (twenty-five-minute delay).

Delp called for the drug dog almost immediately after stopping Mitchell's vehicle.

Although Delp checked Mitchell's license and registration, the basis for the stop was not a

suspected traffic infraction, but a suspected drug transaction.  Cf. Caballes, 543 U.S. at 406

(defendant initially stopped for speeding); Branch, 537 F.3d at 332 (defendant initially stopped

for running red light).  Thus, the basis for detaining Mitchell did not hinge on whether Delp

decided to issue him a traffic citation or warning.  Because the stop was based on suspicion that

Mitchell possessed drugs, Delp needed no additional information suggesting the presence of

drugs in the vehicle to justify summoning a drug dog.  Cf. United States v. Mason, 628 F.3d 123

(4th Cir. 2010) (additional delay to wait for drug dog after issuing traffic citation justified where

occupants behaved suspiciously following stop).

Suspecting Mitchell had engaged in an illegal drug transaction, Delp detained him while

he investigated that suspicion.  "If the purpose underlying a Terry stop -- investigating possible

criminal activity -- is to be served, the police must under certain circumstances be able to detain [an] individual" for a reasonable period of time. Sharpe, 470 U.S. at 685. Here, consistent with our holdings in Lawson and Limonja, we conclude that a fifteen-minute detention did not violate the Fourth Amendment. Delp "diligently pursued a means of investigation that was likely to confirm or dispel [his] suspicions quickly." Sharpe, 470 U.S. at 686.

Delp's stated belief that he had no basis to hold Mitchell after checking his license and registration[3] does not alter our conclusion. An officer's subjective belief has no bearing on this analysis. "Whether a Fourth Amendment violation has occurred 'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time,' and not on the officer's actual state of mind at the time the challenged action was taken." Maryland v. Macon, 472 U.S. 463, 470-71 (1985) (quoting Scott v. United States, 436 U.S. 128, 138 (1978)).

Accordingly, we affirm the judgment of the trial court.

Affirmed.

---

[3] Delp testified he held Mitchell after Mitchell stated he "was fine" with waiting for the drug dog, and noted if Mitchell "had said that it wasn't fine," Delp would have returned Mitchell's license and registration because Delp "had no reason to hold him."